NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3583
_____

CHRISTOPHER ZIMMER, SR.;
NICOLE ZIMMER,
                            Appellants

v.

NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY,
f/k/a Division of Youth and Family Services ("DCP&P");
LISA VON PIER, In her Official Capacity as Director of DCP&P/Assistant
Commissioner of the New Jersey Department of Children and Families (DCF);
ALLISON BLAKE, In her Official Capacity as the Commissioner of DCF;
MONIQUE DYKES, In her Individual Capacity;
MICHELLE MARCHESE, In her Individual Capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-15-cv-02524)
District Judge: Honorable Freda L. Wolfson
_____

Submitted November 6, 2018
Before: HARDIMAN, KRAUSE, and GREENBERG, *Circuit Judges*.

(Filed: November 8, 2018)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Christopher Zimmer, Sr. and his wife Nicole Zimmer appeal the District Court's orders granting summary judgment to New Jersey Division of Child Protection and Permanency (DCPP) caseworker Michelle Marchese and dismissing all the original Defendants sued in their official capacities. We will affirm.

## I[1]

The Zimmers make three arguments on appeal: two regarding qualified immunity and one regarding their standing to seek injunctive relief. We will address each argument in turn.

## II

The Zimmers first claim summary judgment was improper because they established facts sufficient to make out a Fourth Amendment violation by Marchese. They next argue those facts preclude qualified immunity for Marchese because she was on notice her conduct violated the Fourth Amendment. Because the Zimmers must prevail on both arguments to defeat summary judgment, and because we hold that Marchese reasonably believed the Zimmers voluntarily consented to her second attempt to enter their home, we need not decide whether a constitutional violation in fact

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review a District Court's orders granting summary judgment and dismissing defendants de novo. *See Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

occurred. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Marchese's reasonable belief entitled her to qualified immunity and summary judgment was appropriate on that basis.

State actors are protected by qualified immunity if "the law did not put the officer on notice that [her] conduct would be clearly unlawful." *Montanez v. Thompson*, 603 F.3d 243, 251 (3d Cir. 2010) (quoting *Bayer v. Monroe Cty. Children & Youth Servs.*, 577 F.3d 186, 193 (3d Cir. 2009)). On the facts presented in this appeal, no statute or precedent put Marchese on notice that her entry into the Zimmers' home would be clearly unlawful. When Marchese first approached the home, Mr. Zimmer denied her entry and asked her to wait in her car across the street while he summoned police. Marchese complied. Chief of Police Matthew Scott responded, spoke with Marchese at her car, and spoke with the Zimmers inside their home without Marchese present. Although the parties dispute what was said inside the home, they do not dispute that Chief Scott then returned to Marchese at her car and told her: "[y]ou can go in. They will let you in." App. 181. When Chief Scott left and Marchese approached the home for the second time, Mr. Zimmer opened the door and she entered without any objection (or invitation). The Zimmers then directed her to sit at the dining room table where they spoke for over an hour.

Under these circumstances, Marchese could reasonably believe the Zimmers changed their minds after the initial encounter and voluntarily consented to her entry. Comparing the two interactions at the front door clarifies this further. Mr. Zimmer

3

initially refused entry—even in the face of Marchese's threat to let her in "or else." App. 148. After speaking with Chief Scott, Mr. Zimmer then let Marchese inside the home without protest and spoke with her at length. Regardless of the dispute over what Chief Scott said to the Zimmers in the interim, Marchese was not privy to that conversation, so she reasonably perceived this apparent change-of-heart as voluntary. For that reason, she is entitled to qualified immunity.

III

The Zimmers also ask us to reinstate their claim for an injunction against the original Defendants sued in their official capacities for an alleged pattern of rights violations. We decline to do so.

Prospective relief like the injunction the Zimmers seek requires plaintiffs to establish a "concrete and particularized" injury that is also "actual and imminent." *Free Speech Coal., Inc. v. Att'y Gen.*, 825 F.3d 149, 165 (3d Cir. 2016) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). The Zimmers allege no concrete or particularized pattern, just this one instance of an anonymous tip leading to a caseworker visit. Moreover, DCPP has apparently taken no action relating to the Zimmers since Marchese's visit except to inform them in writing that it has no intention to take further action against them. This debunks the Zimmers' claim to be suffering any real and immediate threat of continued investigation, which is the only ground they provide to justify their standing to sue. The District Court therefore did not err when it dismissed DCPP and the Defendants named in their official capacities.

4

\* \* \*

For the reasons stated, we will affirm the orders of the District Court.